# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTRELL DESHON POLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-15-204-M |
| ) | |
| ROBERT C. PATTON, Director, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner brought this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his state court judgment of conviction. Doc. 1. Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

The undersigned conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the reason discussed below, ordered a response to the petition. Doc. 7. Respondent filed a motion to dismiss the action, maintaining it is time-barred. Doc. 9. Petitioner did not respond to the motion, and it is now at issue.[1] After careful review of the issues and relevant

---

[1] When ordering Respondent to file an answer, motion, or other response to the petition, Doc. 7, the undersigned specifically advised Petitioner that "[i]f Respondent files a motion, Petitioner may file a response within

authorities, the undersigned recommends the dismissal of the action as untimely.[2]

## I. Period of limitation for Petitioner's habeas claims.

A state prisoner's petition for a writ of habeas corpus is subject to a one-year period of limitation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock generally begins to run when "the judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, a jury convicted Petitioner on three counts of robbery with a firearm and one count of making a false declaration of ownership to a pawn broker in Case No. CF-2009-2615 in the District Court of Oklahoma County, Oklahoma. Doc. 1, at 1-2.[3] The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on April 26, 2012. *Id.* at 2; Doc. 9, Ex. 1. Petitioner did not petition for certiorari in the United States Supreme Court, Doc. 1, at 3, and his conviction became final on July 25, 2012, when the ninety-day time

---

twenty-one (21) days from the filing date." *Id.* at ¶ 2.

[2] Though the court gives a broad reading to the pro se Petitioner's pleadings, it neither acts as his advocate nor may it create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Page citations to the petition are in sequential order and reflect this Court's CM/ECF pagination.

period for filing a certiorari petition expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). AEDPA's one-year period of limitation began to run the following day, July 26, 2012, and expired one year later, on July 26, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year limitation period calculated by anniversary date method).

So, absent statutory or equitable tolling of the limitation period, this petition – filed on February 27, 2015 – is untimely by some nineteen months.

## II.    Statutory tolling.

Statutory tolling is available when, during the one-year limitation period, a petitioner properly files a petition for post-conviction or other collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). In his petition, Petitioner asserts that he first sought post-conviction relief in state district court on December 12, 2013 – almost five months after the one-year limitation period expired. Doc. 1, at 3. Nonetheless, he then alleges that his post-conviction application was denied on "*July 11, 2013* & Sept 11; 2014." *Id.* (emphasis added). He further maintains that he raised each of his four grounds for federal habeas relief by post-conviction application in state district court;[4] that the

---

[4] These four grounds are: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of original counsel, (3) ineffective assistance of substitute counsel, and (4) use of a tainted photo line-up. Doc. 1, at 5, 7, 8, 10.

application was denied on September 11, 2014; and that the OCCA denied his appeal on January 28, 2015. *Id.* at 4, 5-6, 7-8, 8-9, 10-11.

Petitioner's reference to the state district court's denial of his post-conviction application on July 11, 2013 – some five months before he allegedly sought that relief – prompted the undersigned's order for response. *See id.* at 3. In his responsive motion to dismiss, Respondent shows through court records that Petitioner, in fact, first applied for post-conviction relief in state district court on April 8, 2013, with 107 days remaining in the one-year limitation period. Doc. 9, Ex. 2, at 32. The State moved to strike that application, and on July 11, 2013, Judge Bass ordered the clerk "to strike the pleading from the record." *Id.* Ex. 3, at 1. He found that "Petitioner's Application for Post-Conviction Relief does not comply with the Rules of the District Court, Seventh Judicial District" and that "Petitioner was not granted prior permission, upon a showing good cause, to exceed the reasonable page limitation set forth by Rule 37." *Id.*

On July 30, 2013, Petitioner filed a Petition in Error with the OCCA, purporting to appeal the state district court's July 11, 2013 denial of his post-conviction application. *Id.* Ex. 4. The OCCA stated:

> On July 30, 2013, Petitioner Polin, *pro se*, filed an Application for Post Conviction Relief requesting this Court rule on his application for post conviction relief filed in the District Court of Oklahoma

4

> County Case No. CF-2009-2615. Attached to Polin's application filed with this Court is a copy of the district court's order striking Polin's application filed in the district court because it exceeded the 20 page limitation for filing a post conviction brief in Oklahoma County. Polin's application is properly classified as an application for Writ of Mandamus, and will be addressed as such.
>
> Polin argues, among other things, that the District Court of Oklahoma County, the Honorable Jerry D. Bass, District Judge, erred when he struck Polin's application for post conviction relief and subsequently denied the request to file a brief in excess of 20 pages. The remainder of the claims alleged in Polin's application relate to the merits of his post conviction application filed in the district court which will not be addressed absent filing of a proper application for post conviction relief.

*Id.* Ex. 5, at 1-2 (Order, filed Oct. 25, 2013).

Then, the OCCA denied Petitioner's request for a writ of mandamus:

> The application filed with this Court seeks resolution of Petitioner's claim challenging the local court rule limiting brief length to 20 pages absent permission from the court to exceed that page limitation. The district court struck the brief because Polin failed to seek permission to file it prior to submitting it to the court for resolution. Petitioner cites no authority for his claim that the District Court's failure to grant his request to file a brief in excess of 20 pages constitutes an abuse of discretion. Nothing in the application filed with this Court supports a finding that Polin has established he has a clear legal right to file a brief in excess of the 20 page limitation imposed by the district court.

*Id.* Ex. 5, at 2.

"The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28

5

U.S.C. § 2244(d)(2) (emphasis added). To meet the "properly filed" requirement, a prisoner must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. . . . prescrib[ing], for example, the form of the document . . . .") (internal quotation marks omitted); *Fitzpatrick v. Monday*, 549 F. App'x 734, 737 (10th Cir. 2013) (upholding dismissal where a habeas petitioner "failed to comply with state court filing requirements . . . when he attempted to file an application for post-conviction relief that exceeded the page limit set forth in Rule 37 [of the Rules of the Seventh Judicial District]").

Judge Bass concluded that Petitioner's April 8, 2013 application for post-conviction relief – the only application for post-conviction or other collateral relief that Plaintiff filed during the one-year limitation period – "d[id] not comply with the Rules of the District Court, Seventh Judicial District," and he struck it from the record. Doc. 9, Ex. 3, at 1.[5] The OCCA held Judge Bass did not abuse

---

[5] "[A]pplications . . . shall not exceed twenty (20) pages in length . . . without prior permission of the assigned judge." Rule 37(B), Rules of the Seventh and Twenty-Sixth Judicial Districts (Oklahoma).

6

his discretion in striking the brief. *Id*. Ex. 5, at 1-2. Because Petitioner did not receive prior permission to file an application in excess of twenty pages, he failed to comply with the state trial court's procedural rule and his application was not "properly filed." 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) as a result of that application, and his one-year limitation period expired on July 26, 2013, nineteen months before he filed his habeas petition in this Court.

Petitioner's July 30, 2013 application for a Writ of Mandamus (as construed by the OCCA), Doc. 9, Exs. 4, 5, and his December 12, 2013 application for post-conviction relief, Doc. 1, at 3, do not impact the timeliness of his federal petition. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.") (citations omitted). Absent equitable tolling, Petitioner's February 27, 2015 federal habeas petition is untimely.

### III. Equitable tolling.

The period of limitation also "may be subject to equitable tolling" if application of the period of limitation might render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("hold[ing] that § 2244(d) is subject

7

to equitable tolling in appropriate cases").

Petitioner does not meaningfully claim, and certainly fails to demonstrate, entitlement to equitable tolling. In addressing the timeliness of his petition, he generally contends that "[d]irect appeal, [p]ost-[c[onviction both took time to complete." Doc. 1, at 13. Petitioner then disavows any reliance on equitable tolling, stating that he "was within the 1 year limitations set forth in 28 U.S.C. § 2244(d)." *Id.*

## IV. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Judge Miles-LaGrange grant Respondent's motion to dismiss, Doc. 9, and dismiss Petitioner's action with prejudice as untimely.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before June 3, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 14th day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE